ELLIS, Judge:
On June 8, 1955, John E. Overton, Sr. transferred 39.72 acres of land to B.L. Over-ton, one of his children. On June 12, 1960, John E. Overton, Sr., died intestate, leaving his widow, Katie Leona Goff Overton and five children: Evelyn, Aurelia, Mary Clarissa, B.L., and Samuel E. Overton. Two other children, Matilda and John E. Overton, Jr., had predeceased him without issue.
This proceeding was filed on June 17, 1960, alleging the above facts, and further alleging that the sale to B.L. Overton was a donation in disguise, and that the property should be returned to the mass of the estate.
No action was taken in the matter until November 12, 1971, when a motion to set the case for trial was filed. An answer was filed by B.L. Overton on January 11, 1972, and on the same day, the case was tried. The minute entry reflects that “... the attorneys were ordered to file a brief, and the Court continued the case.” Apparently no briefs were filed, and no decision was rendered.
On February 10,1981, a motion to fix for pre-trial conference was filed and the conference set for March 24, 1981. Defendant’s attorney withdrew on that date, and a status conference was set for May 19, 1981. Thereafter, the trial judge recused himself, new counsel was enrolled for defendant, a judge was appointed to hear the case, interrogatories and a supplemental petition were filed on behalf of plaintiffs, a pre-trial conference was held and finally, on August 27, 1981, the case was tried.
The trial judge rendered judgment from the bench in favor of defendant, dismissing plaintiffs’ suit, and plaintiffs have appealed.
Article 561 of the Code of Civil Procedure provides:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
*1357 “An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
It is clear that this case was abandoned five years after it was filed, in 1965. No action had been taken by that time, nor for six years thereafter. Since the abandonment took place automatically after five years, the suit was then, and has been, subject to dismissal since that time. The fact that the case has been tried twice since its abandonment is of no moment. In Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), in footnote 2 at p. 312, the court stated:
“Several decisions appear to find that any plea by a defendant to the merits of a case, even if filed after the five-year period has run, constitutes a waiver of the defendant’s right to seek a dismissal of the action on grounds of abandonment. E.g., State ex rel. Shields v. Southport Petroleum Corp., 230 La. 199, 88 So.2d 25 (1956); Continental Supply Co. v. Fisher Oil Co., 156 La. 101, 100 So. 64 (1924) (plea of abandonment coupled with plea to merits). In view of the theoretical and historical background of article 3519, the re-enactment of its second and third paragraphs as article 561 of the Code of Civil Procedure, and the legislative intent of the re-enactment as evidenced by the comments appended thereto, these decisions are an incorrect application of the waiver exception to the rule on abandonment of actions. It can be assumed that they were legislatively overruled by the adoption of article 561 in the Code of Civil Procedure, which incorporated the waiver exception only to the extent that a formal step taken by a defendant in his defense interrupts the five-year abandonment period and commences it running anew. Clearly, under the present version of article 561, formal action taken by the defendant after the expiration of five years’ inactivity will not preclude a later plea of abandonment by him.”
Since the suit has been abandoned, it is hereby dismissed, as of June 17, 1965, the date of its abandonment, at plaintiffs’ cost.
DISMISSED.