CARTER, Judge.
This is an appeal from a dismissal of plaintiffs’ suits for abandonment by the failure of the plaintiffs or defendant to take any steps in the prosecution (or defense) in the trial court for a period of five years. LSA-C.C.P. art. 561. We amend and affirm.
The primary issue to be decided is whether negotiations and correspondence between counsel for plaintiffs and counsel for defendant constitute a step in the prosecution or defense of these suits in the trial court within the five-year period required by Art. 561 of the Code of Civil Procedure, precluding dismissal of the suits..
On February 28,1974, each of the following oil companies, Chevron Oil Company, South Coast Corporation, Exchange Oil & Gas Corporation and Pelto Oil Company, paid to the Collector of Revenue for the State of Louisiana certain severance taxes under protest. On March 29, 1974, each of these companies filed a petition for recovery of Louisiana severance taxes paid under *1223 protest pursuant to the provisions set out in LSA-R.S. 47:1576[1].
After the filing of answers and the completion of discovery, the parties commenced negotiations to attempt settlement of the matter. Numerous conferences, letters and telephone calls transpired between the parties in settlement efforts. Because of the exactness of the legal issues involved in the recovery of the severance taxes paid under protest, the plaintiff companies agreed that counsel for Chevron would act on behalf of all plaintiffs in the negotiations with the defendant.
When settlement negotiations were unsuccessful, the parties agreed to pursue a course of submitting the case to the trial court on a joint stipulation of facts and cross motions for summary judgment. Communications between the parties continued along these lines. The parties also agreed to consolidate the suits so that the matters could all be decided at one time.
On December 16, 1981, the parties filed into the records the joint stipulation of facts, cross motions for summary judgment, and motions to consolidate, but upon reviewing the record, the trial judge refused to sign the orders because in his opinion the matters had been abandoned. At a joint pretrial conference between all the parties, the trial judge invited the defendant to file motions to dismiss plaintiffs’ suits on grounds of abandonment.
On January 29, 1982, defendant filed motions to dismiss on grounds of abandonment in each of the refund suits, and on February 18, 1982, a rule to show cause why the plaintiffs’ claims should not be dismissed as abandoned was heard by Judge William H. Brown with regard to all of the cases. All of the cases had not been transferred to Judge Brown’s division, but he heard all suits by the consent of the other judges involved. On March 8, 1982, a judgment of dismissal was entered in each of the cases in favor of the defendant.
Article 561 of the Code of Civil Procedure provides in pertinent part:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other *1224 interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
In Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), the Supreme Court of Louisiana interpreted Article 561 as follows:
“By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some ‘step’ in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last ‘step’ taken by either party.”
The term “steps in its prosecution,” as contained in LSA-C.C.P. art. 561, requires some formal action before the trial court intended to hasten the suit to judgment. This formal action before the trial court interrupts the five-year abandonment period and commences its running anew. Melancon v. Continental Casualty Company, supra; Am. Eagle, Inc. v. Emp. Liability Assur. Corp., 389 So.2d 1339 (La.App. 1st Cir.1980); DeClouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La.App. 3d Cir.1965), writ refused, 248 La. 383, 178 So.2d 662 (La.1965).
Plaintiffs argue that they did not at any time intend to abandon their respective suits, but in fact carried on extensive negotiations with the defendant during the entire period. Although this argument is persuasive, LSA-C.C.P. art. 561 has been interpreted to require some formal action in the trial court, intended to hasten the suit to judgment, in order to interrupt the running of the five-year abandonment period. The ongoing negotiations in the instant case did not prevent counsel from taking some formal action in or before the trial court within the intent of LSA-C.C.P. art. 561 during the five year period. This they did not do and negotiations, correspondence, telephone communications, etc. are not “formal actions in the trial court” sufficient to interrupt the five year abandonment period. Melancon v. Continental Casualty Company, supra.
The next contention of plaintiffs is that defendant has waived any right to claim abandonment by joining in the joint stipulation of facts, cross motions for summary judgment, and motions to consolidate, all of which were filed after the expiration of the five-year period. The abandonment addressed in LSA-C.C.P. art. 561 takes place automatically after the passing of five years and is self-operative without any formal order by the trial court. Addressing this issue, this court in Succession of Overton, 422 So.2d 1356, stated:
“... Since the abandonment took place automatically after five years, the suit was then, and has been, subject to dismissal since that time.”
Since this abandonment takes place automatically, formal action by either party after the passing of this five-year period (even a subsequent trial on the merits) will not preclude a later plea of abandonment. Melancon v. Continental Casualty Company, supra; Succession of Overton, supra.
Two of these plaintiffs claim filings within the five-year period were “steps” in prosecution of the lawsuits “before the trial court” sufficient to interrupt the running of the abandonment period. The filing relied upon by South Coast Corp. and Exchange Oil and Gas Corp. were motions and orders to substitute counsel of record filed on July 29, 1980. This court has previously held that such a motion and order recognizes the authority of enrolled counsel to take “steps” toward prosecution of his client’s case, but the motion is not, within itself, such a “step” as contemplated by LSA-C.C.P. art. 561. State, Department of Highways v. Jackson, 211 So.2d 93 (La.App. 1st Cir.1968); McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970).
Counsels for plaintiffs further contend that Am. Eagle, Inc. v. Emp. Liability Assur. Corp., supra, is supportive of their position that there was no intent to abandon and that the “steps” taken were sufficient to interrupt the five year period. Am. Eagle, Inc. is clearly distinguishable from the instant case. In Am. Eagle, Inc., a trial on *1225 the merits occurred on February 14-18, 1972. Subsequent thereto, the court reporter was unable to prepare the transcript, and on December 30,1976, the trial court issued an order for a post trial conference to be held on January 13, 1977. Apparently the transcript was completed in 1978, and on September 1,1978 another post trial conference was held. On July 16, 1979, the trial judge rendered his reasons for judgment.
This court held that the post trial conference called by the trial judge on December 30, 1976 (before the five year period had expired) was a “step in the prosecution or defense” which inured to the benefit of all of the parties. In finding that this post trial conference initiated by the trial judge was a “step in the prosecution or defense”, this court quoted Justice (then Judge) Lemmon in Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir.1977), writs denied, 341 So.2d 420 (La.1977), at 758 as follows:
“The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff’s inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action...” (Emphasis by the court)
Additionally, it was held that LSA-C.C.P. art. 561 does not apply where the failure to prosecute is caused by circumstances beyond the plaintiffs control. Clearly, the failure of the court reporter to file a transcript, with briefs to be filed after the preparation of the transcript, is beyond the control of either plaintiff or defendant.
The only filings in the instant case within the five year period are the motions and orders to substitute counsel of record filed by Exchange Oil and Gas Corporation and South Coast Corporation on July 2, 1980. We have previously noted that the jurisprudence is clear that such motions and orders are not “steps” in the prosecution of a case. State, Department of Highways v. Jackson, supra; McClure v. A. Wilbert’s Sons Lumber & Shingle Co., supra.
Further, the delay in the instant cases was clearly not caused by circumstances beyond the control of the plaintiffs, as opposed to the situation in Am. Eagle, Inc., supra.
According to the record, we herein list the last formal actions taken in the trial court within the intent of LSA-C.C.P. art. 561 in each of the cases prior to the filings on December 16, 1981, and the dates that the suits are decreed to have been automatically abandoned.
Chevron Oil Company v. Traigle, Collector of Revenue, State of Louisiana: Amended Answers to Interrogatories filed April 20, 1976.[2] Suit abandoned on April 20, 1981.
Pelto Oil Company v. Traigle, Collector of Revenue, State of Louisiana: Answers to Interrogatories filed August 21, 1974. Suit abandoned on August 21, 1979.
The South Coast Corp. v. Traigle, Collector of Revenue, State of Louisiana: Answers to Interrogatories filed July 26, 1976. Suit abandoned on July 26, 1981.
Exchange Oil and Gas Corp. v. Traigle, Collector of Revenue, State of Louisiana: Answers to Interrogatories filed July 26, 1976. Suit abandoned on July 26, 1981.
For the above reasons, the judgment of the trial court is amended to set forth the date that each suit was abandoned. Further, the judgment is amended to decree the date of abandonment as the effective date of dismissal and as so amended is affirmed. All costs of appeal are to be paid by plaintiffs.
AMENDED AND AFFIRMED.

. LSA-R.S. 47:1576 provides as follows:
“A. A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest, or other charges imposed in this Subtitle. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Subtitle, shall remit the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds in the escrow account shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of six percent per annum covering the period from the date the funds were received by the collector to the date of refund.
B.This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
C. This Section shall be construed to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the state of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States.
D. Upon request of a person and proper showing by such person that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such person, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be placed in an escrow account and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.”

. On April 28, 1976 a motion and order for continuance of pretrial was filed into the record on the motion of both plaintiff and defendant. Such a filing is not considered a “step” in the prosecution or defense of the suit intended to hasten the case to judgment.