211 So.2d 93 (1968)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellee,
v.
Joseph S. JACKSON, Defendant-Appellant.
No. 7388.
Court of Appeal of Louisiana, First Circuit.
May 27, 1968.
*94 Nesom, Mellon, Tillery & Cavanaugh, Denham Springs, for appellant.
George W. Lester, Baton Rouge, for appellee.
Before LANDRY, BAILES and CUTRER, JJ.
CUTRER, Judge.
The issue for determination is whether the filing of the motion and order enrolling an attorney as additional attorney of record was a "step" in the prosecution of defendant's reconventional demand within the meaning of L.S.A.-C.C.P. Art. 561.
The State of Louisiana, though the Department of Highways, filed suit on January 18, 1962 for the expropriation of defendant's property. The plaintiff deposited the estimated compensation in the Registry of the court. By motion and order of Court dated January 18, 1962, defendant withdrew the sum deposited. An answer and reconventional demand for an increase in compensation was filed by defendant February 16, 1962. These pleadings were filed by defendant's attorney, Mr. Victor A. Sachse, of the firm of Breazeale, Sachse and Wilson.
March 5, 1965 Mr. J. Douglas Nesom filed a motion and order wherein he was entered as additional attorney for defendant.
May 2, 1967, more than five years after the filing of defendant's answer and reconventional demand, Mr. Nesom filed an answer on behalf of defendant in which he requested authority to amend the answer to substitute the sum of $250,000.00 for the sum of $129,500.00.
May 15, 1967 plaintiff filed a motion to dismiss defendant's reconventional demand and for final judgment on the ground that defendant had taken no steps in the prosecution of his reconventional demand for a period of five years and was thus subject to being dismissed under the provisions of L.S.A.-C.C.P. Article 561. The trial court rendered judgment ex parte May 15, 1967.
September 22, 1967, defendant through Mr. Nesom, filed a rule to show cause why the May 15 dismissal should not be set aside. The rule was heard and dismissed. Defendant (plaintiff in reconvention) appeals.
*95 L.S.A.-C.C.P. Art. 561 reads as follows:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.
An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily."
The jurisprudence is well established that the term "steps in its prosecution," as contained in L.S.A.-C.C.P. Art. 561 requires some formal action before the court intended to hasten the suit to judgment. DeClouet v. Kansas City Southern Railway Company, La.App., 176 So.2d 471; Bolden v. Brazile, La.App., 172 So.2d 304 and Sliman v. Araguel, 196 La. 859, 200 So. 280.
The filing of a transcript of testimony is not considered a "step" in the prosecution, Sanders v. Luke, La.App., 92 So.2d 156; Henry v. Stephens, La.App., 169 So.2d 422. The taking of discovery depositions under the provisions of L.S.A.-C.C.P. Art. 1421 et seq., does not constitute such a "step", DeClouet v. Kansas City Southern Railway Company supra. The res nova question then arises, does a motion and order, authorizing the enrollment of an additional attorney, constitute such a "step" intended to hasten the suit to judgment?
The enrollment of additional counsel in a pending case merely informs the court, its officers and all parties that he has been so employed or retained by the client, in addition to prior counsel of record, with the implied authority to also perform all acts necessary or incidental to the prosecution or management of the suit. The motion and order recognizes the authority of enrolled counsel to take "steps" toward prosecution of his client's case but the motion is not, within itself, such a "step" as contemplated by L.S.A.-C.C.P. Art. 561.
For these reasons the judgment of the trial court is affirmed.
Affirmed.