PETERS, Judge ad hoc.
Plaintiff appeals from a judgment dismissing its suit against defendant, Donald J. Broussard, for failure to take any steps in its prosecution for a period of five years.
Plaintiff’s petition was filed on December 13, 1965, against defendant, Donald J. Broussard, as owner; Maher & Sharkey, Inc., as contractors; Investment Construction, Inc., as subcontractors, and United Benefit Fire Insurance Company, as surety, to recover an amount for labor and material furnished by plaintiff in the construction of Broussard’s residence in Baton Rouge.
On December 30, 1965, defendant Brous-sard filed an exception of no cause of action based on plaintiff’s failure to allege the date of last delivery of all material upon the property or the date of the last performance of all services or labor, as required by LSA-R.S. 9:4812.
The next filing in the record is a motion and order to stay proceedings against defendant United Benefit Fire Insurance Company, filed by the State Commissioner of Insurance on March 22, 1966.
On November 28, 1966, plaintiff filed in the record a “Notice of Suit to Enforce Lien” giving notice of the filing of the suit by plaintiff pursuant to its prior recorded materialman’s lien. On August 31, 1971, plaintiff filed two affidavits of account of Maher & Sharkey, Inc., a copy of an amended lien, and a judgment against defendant, Investment Construction, Inc.
On November 26, 1971, plaintiff filed a motion for the assignment of defendant Broussard’s exception for trial, which was set for January 3, 1972. On December 10, *504 1971, defendant Broussard filed a motion to dismiss the suit on the ground of abandonment. On January 3, 1972, the motion to dismiss was tried and judgment was rendered dismissing plaintiff’s suit against Broussard for lack of prosecution for a period of five years.
The only actions taken in this suit between December 30, 1965, the date of defendant’s exception, and August 31, 1971, when plaintiff filed the affidavits, lien and judgment against Investment Construction, Inc., were the motion to stay proceedings against United Benefit Fire Insurance Company filed on March 22, 1966, and plaintiff’s “Notice of Suit to Enforce Lien” filed on November 28, 1966. Therefore, for plaintiff to prevail, it must be determined whether the filing of the notice of suit was a step in the prosecution of the litigation within the meaning of La.C.C.P. Art. 561.
C.C.P. Art. 561 reads in part:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years.”
An active “step” in the prosecution of a suit has been determined by our jurisprudence to be a formal move before the court intended to hasten the litigation toward judgment. McClure v. A. Wilbert’s Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st cir. 1970); Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th cir. 1969); and Bolden v. Brazile, 172 So.2d 304 (La.App. 1st cir. 1965).
Plaintiff filed the “Notice of Suit to Enforce Lien” a short time after the amendment to LSA-R.S. 9:4812 (Acts 1966, No. 405, Sec. 1) which required filing notice of a suit on a lien within one year from re-cordation of the lien in order to preserve claimant’s privilege. Although the amendment to LSA-R.S. 9:4812 did require such notice, Paragraph 2 thereof reads:
“The foregoing provisions shall not in any way interfere with or abrogate the right given an owner under R.S. 9:4842 to bond out any claim or claims recorded, nor shall said provisions apply to any claims recorded or lawsuits existing on July 27, 1966. (Emphasis added)”
It is obvious from a reading of this provision that the notice of filing suit was not required and would not have any legal efficacy on law suits pending as of July 27, 1966, the date the Act became ef fective. Since this suit clearly falls within this exception, the filing of the notice of suit by plaintiff on November 28, 1966, had no legal effect whatsoever, and can only be considered as not having been filed at all. It is evident, therefore, that no formal steps were made by any of the parties for a period in excess of five years from March 22, 1966, and thus defendant’s motion to dismiss should be upheld.
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
Affirmed.