304 So.2d 875 (1974)
Walter C. ROBERTSON et ux., Plaintiffs-Respondents,
v.
Susie M. SIGHTLER et al., Defendants-Relators.
No. 12542.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Pugh & Nelson, by Sydney B. Nelson, Shreveport, for plaintiffs-respondents.
Mayer, Smith & Roberts, by Paul R. Mayer, Shreveport, for defendants-relators.
Before PRICE, HALL and DENNIS, JJ.
DENNIS, Judge.
Defendants moved the trial court to dismiss plaintiffs' tort suit as having been abandoned by a failure of the plaintiffs or defendants to take any steps in its prosecution for five years. LSA-C.C.P. Art. 561. The District Court denied the motion, and defendants have requested this court to exercise its supervisory jurisdiction.
Plaintiffs' petition was filed on July 8, 1969, seeking to recover damages from the defendants for the death of their minor son, and the defendants' answer was filed on July 29, 1969. Interrogatories were propounded to the defendants seeking, among other things, the names and addresses of all witnesses to the accident. The interrogatories were filed in the court record of the case on September 24, 1969. Notice of filing of the interrogatories was prepared the same day by the Clerk of Court and served by the Sheriff upon the defendants on September 25, 1969, as evidenced by the Sheriff's return filed in the record on September 26, 1969. The defendants filed answers to the interrogatories in the record of the District Court on October 10, 1969. On September 20, 1974 plaintiffs filed an amended petition, which was served on defendants the same day. On September 23, 1974 a jury bond was posted and notice of taking of a deposition of one of the defendants was filed.
The issue presented is whether the filing of the interrogatories and service of them upon the defendants or the filing of defendants' answers thereto constituted steps in the prosecution of the suit, within the meaning of LSA-C.C.P. Art. 561, which reads as follows:
"An action is abandoned when the parties fail to take any step in its prosecution *876 or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year."
The jurisprudence has generally defined the phrase "step in its prosecution or defense", to mean a formal move or action before the court, intended to hasten the suit to judgment. Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2d Cir. 1973). However, the technical requirement that the "step" be made a part of the record in the case has been criticized in dissents and other legal writings. See DeClouet v. Kansas City Southern Railway Co., 176 So.2d 471, 474 (La.App. 3d Cir. 1965); McMahon, 26 La.L.Rev. 581, 584 (1966); Note, 26 La.L.Rev. 719 (1966); Note, 40 Tul.L.Rev. 431 (1966).
In DeClouet v. Kansas City Southern Railway Company, supra, plaintiff and defendant had stipulated in accordance with the provisions of Article 1421 of the Code of Civil Procedure, that the depositions of any person might be taken at any time or place, upon notice given in any manner and that these depositions could be put to the same use as any others. Plaintiff, four years after institution of the suit, finally took the depositions of the defendant's employees. However, as there was no necessity for any court order, there was no "formal action before the court"; and in the trial court defendant successfully moved for dismissal of the suit on the ground of abandonment. By a divided court the Third Circuit Court of Appeal affirmed; rehearing was denied, two judges dissenting. The majority held that the taking of discovery depositions under stipulation of counsel without filing formal motions in court did not constitute a step in the prosecution of suit within the five year period sufficient to defeat a motion for dismissal on grounds of abandonment. In refusing writs the Louisiana Supreme Court noted that there appeared to be no error of law in the judgment. DeClouet v. Kansas City Southern Railway Company, 248 La. 383, 178 So.2d 662 (1965).
In their dissents in the DeClouet case, Judges Fruge and Tate pointed out that the courts had refused to characterize matters outside the record as steps in the prosecution of the suit because:
"* * * (a) of the uncertainty of accepting informal nonlegal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit.. . ."
The dissenters further noted that neither of these reasons apply to the taking of discovery depositions. In their view discovery depositions constitute formal legal proceedings with notice to and representation of both parties in their taking, consisting in modern day practice of an important part in the prosecution, defense and disposition of the suit, and ought to be considered as "steps" in the prosecution of an action in the trial court.
We question the majority holding in DeClouet to the effect that discovery depositions, although with consent and representation of both parties in their taking, are not steps in the prosecution in the trial court. However, it is not necessary for us to disagree with the decision in order to resolve the question here. The decision in DeClouet was based upon the fact that the depositions taken by consent did not cause anything to be done formally in court, and implied that had formal notices of the depositions been filed in the record, the majority would have considered the depositions as steps in the prosecution of the case.
*877 In the instant case, the interrogatories were filed of record and served upon the adverse party by an officer of the court. The defendants' answers to the interrogatories were also filed in the court record. Therefore, the filing, service and answering of the interrogatories constituted formal action before the court. Also, this formal action was clearly a step intended to hasten the suit to judgment. The information sought in the interrogatories concerning the names and addresses of witnesses to the accident was essential to the preparation of the plaintiffs' case. Accordingly, even under the stringent requirements of the majority view in the DeClouet case, the plaintiffs did not fail to take any step in the prosecution of the action for a period of five years. Plaintiffs, therefore, should not be denied their day in court or considered to have abandoned their cause.
For the foregoing reasons the writ and the stay order issued in this case are hereby recalled and the case is remanded to the District Court for further proceedings. Defendants-applicants shall pay all costs of this court. All other costs are to await the final determination of the litigation.