353 So.2d 326 (1977)
Herbert EDWARDS
v.
Josie M. GIAMBRONE et al.
No. 11584.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
Dan B. Cornett of Taylor & Cornett, Ltd., Baton Rouge, for plaintiff-appellant.
Robert J. Vandaworker of Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is an appeal by Herbert Edwards from a judgment dismissing his suit for want of prosecution.
The record reveals that this suit was originally filed on July 26, 1963. Answer was filed and interrogatories propounded later that year. In September, 1967, a motion to fix for trial was filed, but the assignment was stricken because of the failure of plaintiff to answer the 1963 interrogatories. Subsequently, the answers were filed, and a motion to assign for trial was filed on June 17, 1970.
A set of Supplemental Interrogatories were filed in the record by defendants on October 1, 1970, a copy thereof having been mailed to plaintiff's counsel. Answers thereto were taken in the case until September 9, 1975, when a motion to assign for trial was filed on behalf of plaintiff.
Defendants then filed a motion to dismiss on the ground of abandonment, and, after a hearing, the motion was sustained and the suit dismissed. This appeal followed.
Article 561 of the Code of Civil Procedure provides, in part, as follows:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
In the case of Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), the court said:
"By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some `step' in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last `step' taken by either party."
The question presented in this case, therefore, is whether the filing in the record of the interrogatories and the answers thereto constitutes a step in the prosecution *327 or defense of the case. We hold that it does. The discovery of information necessary to the prosecution or defense of a case is a necessary step in the preparation thereof; these things were done within five years of the filing of the motion to dismiss; and they appear in the record in the case.
The case of De Clouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La.App. 3rd Cir. 1965), which is cited as authority for the proposition that discovery procedures are not steps in the prosecution or defense of a case is inapposite. It applies only when the discovery is carried out dehors the record. See Robertson v. Sightler, 304 So.2d 875 (La.App. 2nd Cir. 1974).
The judgment appealed from is therefore reversed, and the case remanded to the trial court for further proceedings in accordance with law. All costs of this appeal shall be paid by defendants. All other costs shall await final disposition of the case on its merits.
REVERSED AND REMANDED.