427 So.2d 1291 (1983)
Rosa Mae ROLLINS, et al., Plaintiffs-Appellants,
v.
Dr. W.M. CAUSEY, et al., Defendants-Appellees.
No. 15186-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Osborne & Richard by Albert F. Richard, Plaquemine, for plaintiffs-appellants.
Davenport, Files & Kelly by William G. Kelly, Jr., Monroe, for Dr. W.M. Causey, Sr., Columbia Heights Nursing Home & Hosp., Inc. and The Causey Clinic, Inc.
Sturgeon & Gore by John Sturgeon, Ferriday, for Dr. Charles Roberts.
*1292 Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
MARVIN, Judge.
The plaintiffs appeal from a judgment dismissing their medical malpractice action for wrongful death against defendants, Dr. Causey, Causey Clinic, and Columbia Hospital, Inc., on the grounds of abandonment for nonprosecution for five years. CCP 561. We reverse and remand for trial on the merits.
The plaintiffs' original petition alleges that the decedent's death resulted in part from the combined negligence of these defendants and of a co-defendant, Dr. Roberts, and that all defendants are solidarily liable. This petition was filed and all defendants were served and cited in December 1975. Interrogatories were filed in January 1976, and discovery depositions were taken on June 24, 1976. Nothing else was done in the suit until September 18, 1980, when plaintiffs filed a motion to compel Dr. Roberts to answer the interrogatories that were propounded to him in 1976. This motion was not served on the other defendants, Dr. Causey, Causey Clinic, or Columbia Hospital, Inc. Because that motion was not directed towards them and alternatively because that motion was not served on them, these defendants argue the motion was not a "step" in the prosecution of the suit that would interrupt the five year abandonment.
CCP 561 provides in part that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years." The language of this article envisions three requirements to to prevent abandonment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). The step that must be taken in the prosecution or defense of the lawsuit is defined as something done in furtherance of the lawsuit that is intended to hasten the matter to judgment. McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir. 1970). The second requirement is that the step be taken in the trial court. This has been generally explained as the doing of something of record in the trial court so that the status of the case might be revealed to anyone who looks at the record. Melancon, supra. The third requirement is that the interruptive step be taken within five years of the preceding interruptive step that was taken in the suit. The filing of the motion to compel answers to interrogatories was clearly intended to hasten the matter to judgment. It was filed in the trial court record within five years of the preceding interruptive step taken in the suit. CCP 561.
The issue now raised is whether a step taken as to one defendant is legally sufficient to interrupt abandonment as to the other defendants. Here all defendants are alleged to be solidarily obligated. Plaintiffs argue that a step in the prosecution of the suit which is sufficient to interrupt the five year abandonment period as to one obligor should be sufficient to interrupt the prescriptive period as to all of the obligors. This argument is based by analogy on CC Art. 2097 which provides that "a suit brought against one of the debtors in solido interrupts prescription with regard to all." Although CC 2097 does not expressly apply to the abandonment of a prosecution under CCP 561, it has been recognized that the five year abandonment period is a species of liberative prescription. Melancon, supra, at p. 311. If liberative prescription for the bringing of an action is interrupted by the bringing of a suit against one solidary obligor without the necessity of citing or naming the other obligor in the initial suit, a fortiori, a step against one obligor sufficient to interrupt "liberative" prescription for CCP 561 abandonment should interrupt the abandonment period against other solidary obligors.
The defendants cite several cases to support their argument that the step in a suit must take place against each defendant to prevent abandonment. Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.1982); Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965); Murphy v. Hurdle Planting and Livestock, Inc., 331 So.2d *1293 566 (La.App. 1st Cir.1976), writ refused; McClure v. A. Wilbert's Sons Lumber & Shingle Co., supra. However, in none of these cases were the defendants solidary obligors. In the Bolden case, the solidarity issue was raised, but it was found that the defendants were not solidary obligors and the argument was not upheld. In each of the cited cases, the dismissal for abandonment was based in part on the fact that service of process in the original suit had never been made. Compare Gros v. Houma Medical and Surgical Clinic, 343 So.2d 1115 (La.App. 1st Cir.1977), writ refused.
In 1960, CC 3519 was amended to remove the procedural rules from the Civil Code with the adoption of the Code of Civil Procedure. The abandonment rule was set forth in CCP 561. Before 1970, the second paragraph of CC 3519 read:
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same." Emphasis supplied.
This language was changed in CCP 561 and it is now provided that if no party has taken a step in the prosecution or defense of the action within five years the action is abandoned. This change was made to prevent a defendant from taking a step in the defense of the suit and then moving for abandonment because the plaintiff had failed to take a step. Official Revision Comments, CCP 561. The statute does not require that notification of the step be given to another party, but only that the step be taken by a party.
We believe the statute is clear. A step of record in the trial court by any party within five years of the preceding interruptive step is sufficient to interrupt the accrual of five year abandonment accruing against the action.
The judgment dismissing defendants, Dr. Causey, Causey Clinic, and Columbia Hospital, Inc., is hereby reversed at appellees' cost and these proceedings are remanded to the trial court.