436 So.2d 530 (1983)
CHEVRON OIL COMPANY
v.
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana.
PELTO OIL COMPANY
v.
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana.
SOUTH COAST CORPORATION
v.
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana.
EXCHANGE OIL AND GAS CORPORATION
v.
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana.
Nos. 83-C-0161, 83-C-0164, 83-C-0169 and 83-C-0172.
Supreme Court of Louisiana.
June 27, 1983.
Rehearing Denied September 1, 1983.
*531 M. Truman Woodward, Jr., Charles A. Snyder, J. Grant Coleman, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for applicant in No. 83-C-0161.
Thomas C. Keller, William M. Backstrom, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for applicant in No. 83-C-0164.
Gordon O. Ewin, James A. Babst, Harry R. Holladay, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for applicants in Nos. 83-C-0169 and 83-C-0172.
Trudy M. White, Baton Rouge, for respondents in all cases.
Riley F. Boudreaux, Jr., Baton Rouge, for respondents in Nos. 83-C-0161 and 83-C-0164.
DENNIS, Justice.
The issue presented by this case is whether submission of an already abandoned suit for decision constitutes a waiver by the defendant of his right to seek a dismissal for failure to prosecute under article 561 of the Code of Civil Procedure. The trial judge answered this question in the negative and dismissed the plaintiffs' suits. The court of appeal affirmed. 424 So.2d 1221 (La.App. 1st Cir.1982). We reverse. The filing of cross motions for summary judgment constitutes a waiver by the defendant of his right to have the suit dismissed as abandoned.
The context of this controversy is four law suits filed on March 28, 1974 for recovery of Louisiana severance taxes paid under protest pursuant to the provisions of La. R.S. 47:1576. The suits were filed in Divisions B, D, I, and J of the Nineteenth Judicial District. On December 16, 1981, the plaintiffs filed motions and orders to consolidate the cases and transfer them all to Division I. The plaintiffs and the defendant also filed cross motions for summary judgment and joint stipulations of facts, accompanied by memoranda supporting the motions for summary judgment. The cross motions for summary judgment asserted that there was no issue as to the material facts and moved for cross rules to show cause why summary judgment should not be entered in each of the mover's favor. The judge of Division I refused to sign the orders transferring the cases, consolidating them, and setting a hearing date on the *532 joint motions for summary judgment. He noted that it appeared the cases had been abandoned for want of prosecution. The defendant filed motions to dismiss all the cases, and the judge, with the consent of the judges of Division B, D, and J, held a hearing on the matter. Following the hearing, the judge signed an order dismissing the cases.
Article 561 of the Code of Civil Procedure provides in pertinent part:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment.
By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975).
A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Melancon v. Continental Casualty Company, supra; National Food Stores of La., Inc. v. Chustz, 361 So.2d 273 (La. App. 1st Cir.), writ denied, 362 So.2d 1120 (La.1978); Murphy v. Hurdle Planting and Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979); Guedry Finance Co., Inc. v. Sanderson, 357 So.2d 1338 (La.App. 4th Cir. 1978); Melancon v. Wood, 303 So.2d 222 (La.App. 4th Cir.1974); Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La. App. 2nd Cir.), writ denied, 274 So.2d 708 (La.1973); Better Heating and Air Conditioning Co., Inc., v. United Beneficial Fire Insurance Co., 269 So.2d 502 (La.App. 1st Cir.1972).
The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence.
Melancon v. Continental Casualty Co., supra, 307 So.2d at 312.
According to the record, the last formal actions taken by the parties in these suits prior to the December 16 filings were the following:[1]
Chevron Oil v. Traigle, Collector of Revenue Amended answers to interrogatories filed April 20, 1976.[2]
Pelto Oil Co. v. Traigle, Collector of Revenue Answers to interrogatories filed August 21, 1974.
South Coast Corporation v. Traigle, Collector of Revenue Answers to interrogatories filed July 26, 1976.
Exchange Oil and Gas Corporation v. Traigle, Collector of Revenue Answers to interrogatories filed July 26, 1976.
We disregard as steps in the prosecution of suit the motions to substitute counsel of record filed on July 29, 1980 by South Coast Corporation and Exchange Oil and Gas Corporation. Such a motion grants to counsel the right to take "steps" toward prosecution of his client's case, but does not *533 itself constitute such a "step." Prater v. Schuykill Products Co., Inc., 281 So.2d 829 (La.App. 1st Cir.), writ denied 282 So.2d 719 (La.1973); State through Department of Highways v. Jackson, 211 So.2d 93 (La.App. 1st Cir.1968); McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La. App. 1st Cir.1970).
We also do not consider any of the numerous correspondence filed into the record evidencing extensive negotiations between the parties. The plaintiffs argue that since these negotiations were conducted pursuant to an order to continue the pretrial conference signed by the court, they have somehow become part of the "record" in the various suits, and are therefore formal actions sufficient to constitute interruptions to abandonment. We disagree. As the court of appeal correctly observed, the ongoing negotiations in the instant case did not prevent any counsel from taking some formal action in or before the trial court within the intent of article 561 of the Code of Civil Procedure before April 28, 1981. 424 So.2d at 1224. At all times, the plaintiffs retained the ability to set these cases for trial if they felt the negotiations were not progressing satisfactorily. We do not consider the desire on the part of the parties in this case to proceed via summary judgment, requiring the negotiation of a stipulation of facts, sufficient to overcome the strong policy reasons embodied in the requirement that "steps" in the prosecution of a suit sufficient to interrupt abandonment occur on the face of the record.
We conclude that the trial judge was correct in observing that each of the cases had already been abandoned when they were presented to him for consolidation, transfer and summary judgment on December 16, 1981. The four suits were abandoned on April 20, 1981, August 21, 1979, July 26, 1981 and July 26, 1981, respectively. Therefore, the defendant had the right to file a motion to have each of these suits declared abandoned for failure to prosecute under article 561 of the Code of Civil Procedure. The record reveals, however, that the defendant did not file his motions to dismiss until after he had joined in the filing of a motion for summary judgment and stipulations of fact. The filing was accompanied by memoranda supporting the motion in each party's favor. We consider the filings of December 16, 1981 sufficient to constitute submission of the case for decision. See La.Code Civ.P. arts. 966 & 968. Cf. art. 1637. The issue before us, therefore, is whether the submission of these already abandoned cases by the defendant constituted a waiver of his right to have the suits declared abandoned and therefore dismissed.
The source of article 561 of the Code of Civil Procedure was article 3519 of the Civil Code, which read in part prior to its 1960 amendment:
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
La.Civ.Code art. 3519 (1870), as amended by Acts 1954, No. 615, § 1. Under article 3519, two exceptions to the rule of five year abandonment were recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. Melancon v. Continental Casualty Co., supra, 307 So.2d at 311. See La.Code Civ.P. art. 561, Comment (c) (1960), and cases cited therein.
Among the differences between article 561 of the Code of Civil Procedure and article 3519 of the Civil Code are two of significance to the concept of waiver: (1) article 561 specifically states that its effect is self-operative, thus codifying the rule of Evans v. Hamner, 209 La. 442, 24 So.2d 814 (1946), and (2) article 561 states that a failure by the parties to take any steps in the prosecution or defense of the suit leads to abandonment. These changes led us to comment in dicta in Melancon v. Continental Casualty Co., supra, that the jurisprudential concept of waiver appended to article *534 3519 was limited in article 561 to those instances where the defendant had taken some formal step in the defense of the suit within the five-year period of plaintiff's inaction. "Clearly, under the present version of article 561, formal action taken by the defendant after the expiration of five year's inactivity will not preclude a later plea of abandonment by him." 307 So.2d at 312 n. 2.[3]
Upon further reflection, we conclude that this view of article 561 is mistaken insofar as it indicates that the defendant, once abandonment has occurred, cannot do anything which would constitute a waiver. The defendant's submission for decision of an already abandoned case precludes him from raising the claim of abandonment. By allowing a suit to be submitted for decision, the defendant clearly consents to have the matter resolved upon its merits.
It is clear from the comments to article 561 that the concept of waiver was retained in the transfer of the abandonment article from the Civil Code to the Code of Civil Procedure. The redactors noted that:
This article treats the action as abandoned only if five years has elapsed without any steps being taken by any of the parties in the prosecution or defense thereof. This change was made to provide for the case where the defendant has taken some step in the defense of the action, but subsequently moves to have the action declared abandoned because the plaintiff has failed to take any step in the prosecution thereof for five years.
La.Code Civ.P. art 561, Comment (b) (1960). However, the intention of the legislature with regard to actions taken by the defendant after the lapse of the five year period is not so clear. The redactors of article 561 cite with approval a line of cases which hold that even though article 3519 was self-operative, certain activities by the defendant were sufficient to waive the right to obtain dismissal of an already abandoned suit. See La.Code Civ.P. art. 561, Comment (b) (1960) citing State ex rel. Shields v. Southport Petroleum Corporation of Delaware, 230 La. 199, 88 So.2d 25 (1956) (the seeking of an order for a bond to cover costs of preparing for trial constitutes a waiver), and Green v. Small, 227 La. 401, 79 So.2d 497 (1955) (filing stipulations constitutes a waiver). See also, Harrisonburg-Catahoula State Bank v. Meyers, 185 So. 96 (La.App. 2nd Cir.1938) (defendant who suffers default without raising abandonment waives his right). In Semel v. Green, 252 La. 386, 211 So.2d 300 (La.1968), we recognized that article 561 was patterned on the then existing jurisprudence, as expounded in Evans v. Hamner, supra, and other cases.
Oddly, however, the redactors conclude by saying that:
With respect to the exception to the rule of abandonment based on the defendant's waiver thereof, the point is moot under the above article. The problem is solved by its broadened language "when the parties failed to take any steps in its prosecution or defense" for a period of five years.
La.Code Civ.P. art. 561, Comment (c) (1960). Article 561, therefore, explicitly addresses the question of pre-abandonment waiver; however its silence concerning post-abandonment waiver could either be construed as: (1) a conscious limitation of the right of abandonment to pre-abandonment actions, (2) legislative recognition of the jurisprudentially created doctrine of waiver in all of its forms, (3) codification of the pre-abandonment doctrine of waiver, with post-abandonment *535 waiver left to the discretion of the courts; or (4) mere inadvertence in failing to recognize the potential for post-abandonment waiver.
Without passing on the validity of the Melancon dicta for any action by the defendant short of submission of the case for decision, we conclude that submission of an abandoned case for decision effects a waiver of the right to have the suit dismissed because of want of prosecution under article 561 of the Code of Civil Procedure. The concept of abandonment is not punitive in nature. The notion is one which is designed to discourage vexatious, harrasing or frivolous suits by preventing the plaintiff from allowing such suits to linger indefinitely. Moreover, the threat of abandonment serves to hasten all suits to judgment. Once a case is submitted, its disposition is out of the hands of the parties, and nothing is gained by penalizing them for what they have failed to do before that point. Cf. Bryant v. Travelers, Insurance Co., 288 So.2d 606 (La.1974); Putch v. Straughan, 397 So.2d 38 (La.App.2d Cir.), writ denied, 401 So.2d 976 (La.1981); Succession of Moody, 306 So.2d 869 (La.App. 1st Cir.1974), writ denied 310 So.2d 639 (La. 1975); Lopez v. Southern Natural Gas Co., 287 So.2d 211 (La.App. 4th Cir.1973); Motors Insurance Corp. v. Howell, 266 So.2d 240 (La.App.2d Cir.1972); Burke v. State Farm Mutual Auto Insurance Co., 234 So.2d 432 (La.App. 1st Cir.1970). Nothing is served by allowing the defendant to have a case submitted for judgment declared abandoned. If our goal is to encourage the hasty resolution of disputes, it would be anomalous for us to hold that this goal is somehow advanced by the dismissal of suits that are ready for resolution. Had the legislature intended such a paradox under article 561, it could have so explicitly stated. Without such a statement, we reject this interpretation and its result.[4]

CONCLUSION
By joining in a motion for summary judgment and submitting the cause for a decision, the defendant has waived his right to have these cases dismissed for want of prosecution under article 561 of the Code of Civil Procedure. We recognize that article 561 is self-operating; however, it does not allow a defendant to have a case dismissed when the parties have agreed that it is ready for resolution, and that it should be decided upon the merits.

DECREE
For the foregoing reasons, the decision of the court of appeal is reversed and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
LEMMON, J., concurs.
MARCUS, J., dissents.
NOTES
[1] The filing of answers to interrogatories are "steps" in the prosecution of the suit. Edwards v. Giambrone, 353 So.2d 326 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1375 (La. 1978).
[2] We need not decide whether the motion for continuance of a pretrial conference filed by Chevron on April 28, 1976 was a "step" in the prosecution of the suit intended to hasten it to judgment. Assuming this to be true, the suit would still have been abandoned prior to the December 16, 1981 filings.
[3] Prior to Melancon, the courts of appeal had addressed this issue and reached different answers. Compare Bryant v. Travelers Insurance Co., 277 So.2d 681 (La.App. 1st Cir. 1973), reversed on other grounds, 288 So.2d 606 (La. 1974) (the provisions of article 561 cannot be waived provided that the case has not been submitted), and Johnston v. Nanney, 147 So.2d 268 (La.App. 3rd Cir.1963), affirmed, 244 La. 959, 155 So.2d 196 (La.1963) (the fixing of a abandoned case for trial pursuant to an agreement between counsels constituted a waiver of the rights granted to defendant under article 561), with LeBlanc v. Thibodaux, 162 So.2d 753 (La.App. 1st Cir.1964), and Tucker v. Tucker, 150 So.2d 665 (La.App. 4th Cir.1963), holding that there can be no waiver by the plaintiff or defendant after the five-year period of prosecutive or defensive inaction.
[4] In Melancon, we suggested that the rule of abandonment of actions was both historically and theoretically a species of liberative prescription. We therefore likened the concept of waiver of abandonment to interruption of prescription by acknowledgment. 307 So.2d at 311. Renunciation is also available as a defense to a claim of prescription, and "one cannot renounce a prescription not yet acquired." La.Civ.Code art. 3460. Therefore, under the view that abandonment is a form of liberative prescription, the concept of post-abandonment waiver is similar to renunciation, which may either be express or tacit. La.Civ.Code art. 3461.

It may be that abandonment is a type of délais préfixes, a strict limitation of forfeiture, rather than a type of prescription. If this is the case, renunciation would not be available. See Aubry & Rau, 5 Civil Law Translations p. 421 (La.State Law Inst.1972); Baudry-Lacantinerie & Tissier, 5 Civil Law Translations pp. 23-30 (La.State Law Inst.1972). However, among the characteristics of a forfeiture is the ability of the judge to recognize the fact ex officio, and the unavailability of interruption. Aubry & Rau, supra. Since in the case of abandonment, the judge cannot dismiss the suit ex officio, and interruption by waiver is clearly available, considerable credence is lent to the view of Baudry-Lancantinerie and Tissier, that "the distinction between prescriptions and forfeitures seems to us an unnecessary complication and a source of confusion." Baudry-Lancantinerie & Tissier, supra, at p. 30. It is possible to discuss certain periods of time fixed by statute, as we have done in this opinion under article 561 of the Code of Civil Procedure, without exactly classifying them as forfeitures or prescriptions. Baudry-Lancantinerie & Tissier, supra, at p. 24.