453 So.2d 608 (1984)
HIGHLANDS INSURANCE COMPANY, Plaintiff-Respondent,
v.
CITY OF LAFAYETTE, et al., Defendants-Respondents.
No. 84-248.
Court of Appeal of Louisiana, Third Circuit.
June 14, 1984.
Writ Granted October 12, 1984.
Allen, Gooch & Bourgeois, Kenneth N. Hawkins, Lafayette, for defendants-relators.
Onebane, Donohue, Bernard, Torian, Diaz, McNamara & Abell, Associates, Richard J. Pitre, Jr., for plaintiff-respondent.
Welton P. Mouton, Jr. and Michael Fontenot, Voorhies & Labbe, Marc W. Judice, Andrus, Preis & Kraft, Edwin G. Preis, Jr., Lafayette, for defendant-respondent.
Before STOKER, DOUCET and YELVERTON, JJ.
STOKER, Judge.
Does the giving of a notice of intention to take a deposition not pursuant to an order of court but filed in the record of the action in question prevent the running of the five years which will otherwise result in the action being deemed abandoned and subject to dismissal under LSA-C.C.P. art. 561? This is the issue to be decided in this case.
*609 The case comes up on a writ which we granted following certain action in the trial court.
Plaintiff, Highlands Insurance Company (Highlands), filed suit against several parties seeking to recover workers' compensation benefits paid an injured worker, Robert Nain, and to recover medical benefits paid on his behalf. This original suit was filed on April 20, 1977. The original suit was based on an alleged tortious injury sustained by Robert Nain allegedly caused by the negligence of David Edward (or possibly Edward David or even David Wilson) and the City of Lafayette.
In the original suit filed on April 20, 1977, Highlands named the City of Lafayette (City) and its insurer, Maryland Casualty Company (Maryland), as defendants. On November 3, 1983 Maryland and the City filed a third party demand to bring in Oil Center Realty Company, Inc. (Oil Center) as a third party defendant. (The pleading was actually a first supplemental and amending third party demand.) Maryland and the City sought contribution "and/or" indemnification from the Oil Center in the event they should be held liable to Highlands on the main demand.
When it was sued, the Oil Center filed a motion to dismiss the main demand under Article 561 of the Louisiana Code of Civil Procedure, LSA-C.C.P. art. 561. This motion was granted and the order of dismissal was signed by the trial court on December 22, 1983. Thereafter, in a judgment dated February 9, 1984 the dismissal was set aside by the trial court and the case was ordered reinstated. (Tr. 183)
From the judgment setting aside the dismissal and reinstating the case, the Oil Center sought relief from this court through an application for writs of certiorari. We granted a writ in order that the positions of the parties could be more closely considered, and we ordered up the transcript of the proceedings. We ordered a stay of all proceedings pending further action by this court. The parties were given opportunity to file any briefs they deemed appropriate in addition to those filed with the relator's writ application and respondent's (Highlands') brief in opposition to granting of the writ.

THE ISSUE
Other than the facts stated above, two significant things occurred: On October 24, 1977 Highlands gave notice of its intention to take the deposition of Robert Nain and filed a copy of the notice in the record on that date. (Tr. 46) On October 22, 1982 Highlands directed written interrogatories to certain parties in the suit and filed copies of the interrogatories in the record on that date. (Tr. 47, 50, 53 and 56)
The portion of Article 561 of the Code of Civil Procedure pertinent to the case reads:
"A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ...
* * * * * *
"This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
Thus, this article is self-operative. Chevron Oil Company v. Traigle, 436 So.2d 530 (La.1983).
The Oil Center does not question that the filing of interrogatories are "steps" in the prosecution of a suit. This would appear to be true as the filing of answers to interrogatories are "steps" in the prosecution or defense of a suit. Edwards v. Giambrone, 353 So.2d 326 (La. App. 1st Cir.1977), writ denied, 354 So.2d 1375 (La.1978). This case was cited in Chevron Oil Company v. Traigle, supra, (Footnote 1) for the proposition that filing of such answers is a "step" in the prosecution of a suit. What the Oil Center contends, and contends is the sole issue in the matter before us, is that if the notice of intention to take depositions filed October 24, 1977 was insufficient to constitute a step in the prosecution of a suit (and Oil Center contends it was insufficient), then *610 there are no documents of record prior to October 22, 1982 to interrupt the abandonment. Prior to October 22, 1982, the last filing which appears in the record is an answer filed September 29, 1977 by Maryland and the City in response to the third party demand of David Wilson and Government Employees Insurance Company. (Tr. 42)
We agree that relator, the Oil Center, has pinpointed the issue. However, the issue is whether the filing in the record of a notice of intention to take a deposition, without any formal action of the court, is sufficient to interrupt the running of the five years contemplated by Article 561.

I.
The Louisiana Supreme Court set forth broad principles recently in Chevron Oil Company v. Traigle, supra, which drew heavily on previous pronouncements, particularly from Melancon v. Continental Casualty Company, 307 So.2d 308 (La. 1975). In the Traigle case the Louisiana Supreme Court said:
"By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some `step' in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last `step' taken by either party. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975).
"[2] A party takes a `step' in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Melancon v. Continental Casualty Company, supra; National Food Stores of La., Inc. v. Chustz, 361 So.2d 273 (La.App. 1st Cir.), writ denied, 362 So.2d 1120 (La.1978); Murphy v. Hurdle Planting and Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir. 1978), writ denied, 366 So.2d 562 (La. 1979); Guedry Finance Co., Inc. v. Sanderson, 357 So.2d 1338 (La.App. 4th Cir.1978); Melancon v. Wood, 303 So.2d 222 (La.App. 4th Cir.1974); Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2nd Cir.), writ denied, 274 So.2d 708 (La.1973); Better Heating and Air Conditioning Co., Inc. v. United Beneficial Fire Insurance Company, 269 So.2d 502 (La.App. 1st Cir.1972)."
In Melancon the Supreme Court stated:
"The traditional definition accorded to the phrase `steps in [the] prosecution or defense' of a suit requires the action to be formal, before the court, and intended to hasten judgment. The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harrassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence."
In its motion for dismissal under Article 561 the Oil Center alleges that the parties have taken no step in prosecution of the suit "from October 24, 1977, until November 3, 1983." To recapitulate at this point, October 24, 1977 is the date Highlands and its insured gave notice, and filed a copy in the record, of its intention to take the deposition of Robert Nain, and November 3, 1983 is the date the Oil Center was third partied into the litigation by Maryland and the City. On the face of the motion, therefore, the Oil Center appears to concede that notice given by Highlands on October 24, 1977 was an Article 561 step in prosecution of the suit which interrupted the running of the five years leading to abandonment. In such case it would not yet be deemed abandoned on October 22, 1982 when Highlands directed written interrogatories to various parties in the suit and filed copies in the record. This clearly is not the Oil Center's position as set forth above and as is set forth in its application to this court for supervisory writs.
*611 The position of the Oil Center is that the giving of notice of depositions by Highlands on October 24, 1977 "was insufficient to constitute a step in the prosecution" and thus five years had elapsed without any steps being taken when Highlands filed its interrogatories on October 22, 1982.

II.
After considering the record, it is our opinion that relator's position is not well taken. The notice of taking Robert Nain's deposition was a step in the prosecution of Highlands' action. The propounding of interrogatories by Highlands was also such a step. The running of five years which would constitute abandonment under Article 561 of the Code of Civil Procedure had not run. The trial court properly and correctly set aside its order dismissing the case as abandoned and reinstating the case. We therefore recall the writ granted herein and remand the case to the trial court for further proceedings.

III.
Relator relies heavily on a case from this Circuit, DeClouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La. App. 3rd Cir.1965), writ refused, 248 La. 383, 178 So.2d 662 (1965). In that case discovery depositions were taken at the request of plaintiff under a stipulation of counsel as to the time, place and so forth. We noted that nothing concerning the depositions was made a part of the court record in the case. The DeClouet case was distinguished in Edwards v. Giambrone, supra, in the following language:
"The case of DeClouet v. Kansas City Southern Railway Company, ... which is cited as authority for the proposition that discovery procedures are not steps in the prosecution or defense of a case is inapposite. It applies only when the discovery is carried out dehors the record. See Robertson v. Sightler, 304 So.2d 875 (La.App. 2nd Cir.1974)."
The case before us is also factually distinguished from DeClouet because the notice of intention to take Nain's deposition was recorded in the record of this case with the clerk of court. Nevertheless, relator urges that the courts of this State have found two kinds of activities to constitute a "step" under Article 561, namely, "(1) motions requiring judicial action, and (2) actions which are steps within themselves."
In support of the first proposition, motions requiring judicial action, relator cites Landry v. Thomas, 422 So.2d 513 (La.App. 4th Cir.1982), writ denied, 429 So.2d 143 (La.1983); Wiggins v. Arkansas Louisiana Gas Company, 441 So.2d 803 (La.App. 2d Cir.1983), and Rollins v. Causey, 427 So.2d 1291 (La.App. 2d Cir.1983). In Landry, the suit was found not to have been abandoned within the meaning of Article 561 where during the five-year period the plaintiff filed a motion to take the deposition of the defendant with an attached order which was signed by the trial judge on the same day as the filing. Landry does not stand for the proposition that a notice in the record to take a deposition must be supported with a signed court order to be sufficient to interrupt abandonment.
In Wiggins a "step" in the prosecution of a case, interruptive of abandonment, consisted of a motion and order signed by the trial judge which set the case for trial and ordered a pretrial conference. No abandonment was found in Wiggins despite the fact that the motion and signed order, although filed with the clerk of court and so noted, was never physically placed in the suit record. Like Landry, the Wiggins case does hold that for filings to interrupt the running of time for abandonment the trial court must in some way act upon the filing. In fact, the court in Wiggins cited its case of Ellzey v. Employers Mutual Liability Ins. Co., 388 So.2d 843 (La.App. 2d Cir.1980), writ denied, 394 So.2d 617 (La.1980), for the holding that delivery of a document to the clerk of court constitutes a step taken before the trial court in the prosecution of the action. The document in Ellzey was a mere letter (not a formal motion) addressed to the clerk of court by plaintiff's attorney requesting that the case be fixed for trial as a civil jury case and *612 another letter to the clerk sent over a year later requesting that the case be fixed for jury trial during a particular week. The letters were not acted upon by the clerk and were not filed in the record of the suit. The trial judge in Ellzey was never involved. Numerous cases presenting analogous situations were discussed in Ellzey. We are particularly impressed by the fact that in Wiggins our brothers of the Second Circuit stated that the letter filings in Ellzey constituted "a step taken before the trial court in the prosecution of the action."
In Rollins v. Causey, supra, the "step" in question was a motion filed by the plaintiff to compel a party to answer interrogatories. Although the opinion in the case makes no mention of an order signed by the trial court in connection with the motion, we assume that some order was signed. This case does not hold that for a filing in a suit to constitute a "step" in the prosecution of the suit it must be followed by an order signed, a judgment or some judicial action, as contended by relator. We find the following comments in Rollins v. Causey, supra, to be significant:
"CCP 561 provides in part that `[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.' The language of this article envisions three requirements to prevent abandonment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). The step that must be taken in the prosecution or defense of the lawsuit is defined as something done in furtherance of the lawsuit that is intended to hasten the matter to judgment. McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970). The second requirement is that the step be taken in the trial court. This has been generally explained as the doing of something of record in the trial court so that the status of the case might be revealed to anyone who looks at the record. Melancon, supra. The third requirement is that the interruptive step be taken within five years of the preceding interruptive step that was taken in the suit. The filing of the motion to compel answers to interrogatories was clearly intended to hasten the matter to judgment. It was filed in the trial court record within five years of the preceding interruptive step taken in the suit. CCP 561."

IV.
As noted above relator urges that in addition to those steps deemed to be steps in prosecution or defense of an action by reason of involvement of judicial action, a second kind of step consists of "actions which are steps within themselves."
To explain this contention, counsel in relator's briefs refers to cases in which the courts have found filings in the court record but which the courts held were not steps within themselves. The cases are Henry v. Stephens, 169 So.2d 422 (La.App. 3rd Cir.1964); Better Heating & Air Conditioning Company, Inc. v. United Benefit Fire Insurance Company, 269 So.2d 502 (La.App. 1st Cir.1972) and State, Department of Highways v. Jackson, 211 So.2d 93 (La.App. 1st Cir.1968). Counsel for relator also refers to Chevron Oil Company v. Traigle, supra, as distinguishing between acts which "have validity within themselves" such as answers to interrogatories and some filing which "merely indicates the stated intention to do an action, which may or may not occur", such as a motion to substitute counsel. In essence, apparently, counsel urges that some actions have legal efficacy in themselves as "steps" and some do not, even though they may be filed in the record.
Assuming the validity of relator's basic proposition, we find no particular guide in the cases cited by relator as to what actions are efficacious and which are not. In Henry v. Stephens, supra, this Court of Appeal held that under the jurisprudence, normally, neither the filing of the transcript of testimony nor the payment of costs of the transcript are regarded as steps in the prosecution or defense of an action. We held (without stating any particular *613 illumination of the subject) that such actions "are not considered steps in the prosecution of an action, since they are not formal moves before the court intended to hasten judgment."
The Better Heating case was a suit by plaintiff to recover for an amount of labor and materials furnished by it in the construction of a residence. After plaintiff filed its suit the Legislature enacted an amendment to LSA-R.S. 9:4812. This amendment required filing notice of a suit on a lien within one year from recordation of the lien in order to preserve a claimant's privilege. However, a proviso in the amending Act stated that it would not apply to existing suits. Nevertheless, the plaintiff filed the notice. The court held that under the proviso the filing in question was unnecessary and "had no legal effect whatsoever, and can only be considered as not having been filed at all." Consequently, the filing did not serve to interrupt the five years under LSA-C.C.P. art. 561.
In the Jackson case plaintiff relied on a motion and order for the substitution of counsel to avoid the running of five years for abandonment of the suit. The Court of Appeal for the First Circuit stated in the Jackson opinion:
"[1] The jurisprudence is well established that the term `steps in its prosecution,' as contained in L.S.A.-C.C.P. Art. 561 requires some formal action before the court intended to hasten the suit to judgment. DeClouet v. Kansas City Southern Railway Company, La.App., 176 So.2d 471; Bolden v. Brazile, La. App., 172 So.2d 304 and Sliman v. Araguel, 196 La. 859, 200 So. 280.
"[2, 3] The filing of a transcript of testimony is not considered a `step' in the prosecution, Sanders v. Luke, La.App., 92 So.2d 156; Henry v. Stephens, La. App., 169 So.2d 422. The taking of discovery depositions under the provisions of L.S.A.-C.C.P. Art. 1421 et seq., does not constitute such a `step', DeClouet v. Kansas City Southern Railway Company supra. The res nova question then arises, does a motion and order, authorizing the enrollment of an additional attorney, constitute such a `step' intended to hasten the suit to judgment?
"[4] The enrollment of additional counsel in a pending case merely informs the court, its officers and all parties that he has been so employed or retained by the client, in addition to prior counsel of record, with the implied authority to also perform all acts necessary or incidental to the prosecution or management of the suit. The motion and order recognizes the authority of enrolled counsel to take `steps' toward prosecution of his client's case but the motion is not, within itself, such a `step' as contemplated by L.S.A.-C.C.P. Art. 561."
We find no clear-cut guiding rule in the facts and circumstances recounted in the opinions in those cases or in the discussion in them. In Jackson the DeClouet case is cited as holding that the taking of discovery depositions is not a "step," but we have distinguished the DeClouet case above. In DeClouet the depositions were taken by stipulation and there was nothing in the record with reference to them. The fact that courts have found that filing of a transcript of testimony or a motion to enroll additional counsel are not "steps" within themselves does not govern the facts and circumstances of this case. In our opinion the notice of intention to take depositions filed in the record by Highlands was formal action before the court intended to hasten the suit to judgment. The notice clearly manifested in the record of the case the intention of Highlands not to abandon the prosecution of the case. We find no merit in relator's claim that Highlands' notice of intent to take the deposition of Nain is a mere statement of intent to take a "step" rather than a "step" itself.
The notice initiates the deposition and a deposition certainly moves litigation toward conclusion. Consider the criticism of the DeClouet case by then Judge Dennis speaking for the Second Circuit in Robertson v. Sightler, 304 So.2d 875 (La.App. 2d Cir.1974) and the dissents of Judges Fruge and Tate in DeClouet. We see similarity in *614 the situation in the case before us and the situation involving a request for admissions of fact in Melancon v. Wood, 303 So.2d 222 (La.App. 4th Cir.1974) which was held to be a step in the prosecution of the suit as contemplated by Article 561.

CONCLUSION
We conclude that the court's action reinstating the case was correct.
For the reasons given above we now recall the writ granted herein and the case is remanded to the trial court for further proceedings.
WRIT RECALLED; CASE REMANDED.