493 So.2d 142 (1986)
Linda Reck MICHEL, Individually and as Administratrix of the Estate of Euclid J. Michel, Deceased, and as Tutrix of the Minor Children, April Lynn Michel, Pamela Ann Michel, Euclid J. Michel, Jr., Connie Louise Michel, and Christian Stephen Michel
v.
HOME TOWN SUPERMARKET, INC., et als.
No. 86-CA-44.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
Writ Denied September 19, 1986.
*143 Jerome K. Lipsich, Sessions, Fishman, Rosenson, Boisfontaine, Nathan and Winn, New Orleans, for plaintiffs-appellants.
Ernest L. O'Bannon and John C. Tollefson, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants-appellees.
Thomas Keasler Foutz, Michael Robinson, New Orleans, for plaintiffs-appellants.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Plaintiffs appeal a judgment of the trial court dismissing their suit as abandoned under LSA C.C.P. art. 561. That article states in pertinent part:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years...
We reverse the judgment of the district court and remand the case for further proceedings.
Plaintiff, Linda Michel, individually and as administratrix of the estate of her five minor children, filed a damage suit against the Hometown Supermarket, Inc.; its executive officers; their liability carrier, Hanover Insurance Company; and Alwynn Cronvich, individually and as sheriff of Jefferson Parish, for the wrongful death of Euclid Michel, Jr., her husband and the children's father. Mr. Michel was in the Hometown Supermarket on May 7, 1975, when it was robbed by three armed perpetrators. He was taken hostage and later killed by one of the perpetrators. On May 7, 1976, the present action was commenced.
The case proceeded through preliminary steps until early 1980. On March 11, 1980, defendant, Hometown Supermarket, filed in the record a notice of plaintiff's deposition to take place on April 1, 1980. Between April 1, 1980 and April 3, 1985, the only steps taken by any of the parties towards the prosecution or defense of the case were the taking of three discovery depositions without the filing of notice, that is, by stipulation of counsel, on August 21, 1980, the filing of the transcripts of those depositions on September 18, 1980, the payment of some court costs by plaintiff's attorney, and a motion to withdraw filed by one of the plaintiff's attorneys.
The question before this court is whether the trial court erred in finding that *144 the taking of the deposition in August of 1980 and the filing of those depositions into the record in September of 1980 were not steps in the prosecution of the case intended to hasten the matter to judgment.
In Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983), the Louisiana Supreme Court, in interpreting C.C.P. art. 561, stated:
By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975).
A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. [citations omitted]. The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Melancon v. Continental Casualty Co., supra, 307 So.2d at 312.
We agree with the appellee that the taking of discovery depositions by agreement of counsel, without formal notice, does not constitute a step in the prosecution or defense of a lawsuit in the trial court for purposes of determining whether the case has been abandoned under La.C.C.P. 561. See DeClouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La.App. 3rd Cir.1965) Writ refused 248 La. 383, 178 So.2d 662 (1965); De Salvo v. Waguespack, 187 So.2d 489, 490 (La.App. 4th Cir.1966) and State, Through Department of Highways v. Jackson, 211 So.2d 93 (La.App. lst Cir.1968).
However, appellee also argues that the filing of transcripts of depositions does not constitute a "formal move before the Court intended to hasten judgment" and are not steps in the prosecution of the suit within the meaning of LSA-C.C.P. 561. We find that argument is without merit. Appellee relies upon Henry v. Stephens, 169 So.2d 422, 423 (La.App. 3rd Cir.1964); Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir.1957); Reagor v. First National Life Insurance Company, 85 So.2d 312 (La. App. 2d Cir.1956; and Newson v. Bailey 88 So.2d 391 (La.App. 2d Cir.1956). These cases all involve either the payment of court reporters' fees and/or the filing of transcripts of testimony previously heard by the court into the record and are distinguishable. None of these cases deal with the discovery phase of a suit.
Since the DeClouet decision, relied upon by appellee, the following matters have been held to be "steps" in the prosecution or defense of a suit sufficient to prevent abandonment:
Filing interrogatory answers. Chevron Oil v. Traigle, [supra].

Filing interrogatories, See, e.g., Edwards v. Giambrone, 353 So.2d 326 (La.App. 1977) writ denied, 354 So.2d 1375 (La. 1978).
Filing a request for admissions, Melancon v. Wood, 303 So.2d 222 (La.App. 4th Cir.1974).
Filing a motion and order to take a deposition, signed by the judge on the same day. Landry v. Thomas, 422 So.2d 513 (La.App. 4th Cir.1982) writ denied, 429 So.2d 143 (La.1983).
Filing a notice of deposition without any court order. Highlands Ins. Co. vs. City of Lafayette, 453 So.2d 608 (La.App. 3rd Cir.1984), writ denied 458 So.2d 119 (La. 1984).
These cases, and particularly DeClouet, supra at 472, demonstrate that the requirement *145 that there be "some formal action before the court intended to hasten the suit to judgment" means simply that a party must file something into the record indicating his intention to prosecute or defend the case within the five year interval. Interrogatories (Edwards), interrogatory answers (Chevron), requests for admissions (Melancon v. Wood), and deposition notices (Highland) need not be, and routinely never are, brought to the judge's attention. They are merely filed with the court through it's clerk.
In the instant case, although the taking of the depositions was "off the record" and those actions alone would not meet the requirement of "some formal action before the court, the filing of those depositions into the record certainly put them before the court. A simple examination of the record would show to anyone that the last action taken in the case, to hasten it to judgment, was the filing on September 18, 1980, of discovery depositions, which had been taken less than one month before.
Dismissal of a suit is the harshest of remedies. The law favors and justice requires that an action be maintained wherever possible so that an aggrieved party has his "day in court" to which he is entitled. Recently, this court stated:
Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered. Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984) at 772.
Since the record clearly discloses activity prosecuting or defending the case within the five year period upon which defendant's motion relied, we find the trial judge was in error in granting defendant's motion. We annul the judgment of dismissal and remand the case for further proceedings.
ANNULLED AND REMANDED.