485 So.2d 620 (1986)
Eugene GIBSON
v.
VALENTINE SUGARS, INC., et al.
No. CA-3951.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied April 16, 1986.
Writ Denied June 13, 1986.
Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Jerome K. Lipsich, New Orleans, for plaintiff-appellant Eugene Gibson.
Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., Jonathan C. McCall, New Orleans, for defendants-appellees Valentine Sugars, Inc., et al.
Before REDMANN, C.J., and KLEES and LOBRANO, JJ.
KLEES, Judge.
This appeal arises from a judgment dismissing plaintiff's action for lack of prosecution under Code of Civil Procedure article 561. The issue on appeal is whether an attempt to file a request for production of documents constitutes a "step" in the prosecution of an action.
Plaintiff, Eugene Gibson, filed suit against Valentine Sugars, Inc., (Valentine), and United States Fidelity & Guaranty Company (USF & G), Valentine's liability and workmen's compensation carrier, and certain individuals believed to be inspectors for USF & G for injuries he sustained in an explosion and fire while working at Valentine's Valite Division plant in Lockport, Louisiana. Plaintiff sued the defendants in tort, alleging that the defendants knew that conditions at the Valite plant were dangerous because of a history of fires and explosions at the plant. The plaintiff's petition was filed on February 8, 1980. The record reflects that no other pleadings were filed until USF & G filed a petition of intervention on April 10, 1985, seeking reimbursement for workmen's compensation benefits paid to the plaintiff. On March 1, 1985, defendants filed a motion to dismiss plaintiff's petition alleging that the action be considered abandoned because the parties had not taken any step in the prosecution or defense in the trial court for over five years. C.C.P. Art. 561. Attached to plaintiff's memorandum in opposition to the motion to dismiss was an affidavit by Ms. Stephanie A. Treadway, an employee of plaintiff's attorney. In the affidavit, Ms. Treadway stated that on February 8, 1985, *621 she attempted to file a request for production of documents into the record at the Clerk of Court's office. However, she was informed that under the local rules, original discovery requests were no longer accepted. She was not allowed by the Clerk's office to file this pleading into the record. Instead, on the same day, she mailed by certified mail, return receipt requested, a copy of the request for production of documents to the defendants. The return receipt shows that the pleading was delivered on February 11, 1985. After a contradictory hearing, the trial judge granted the defendant's motion and dismissed the plaintiff's case.
An action is abandoned when parties fail to take any step in its prosecution or defense in the trial court for five years. C.C.P. art. 561. Melancon v. Continental Casualty Company, 307 So.2d 308 (La. 1975). A "step" in the prosecution or defense of an action has been defined as a formal action taken before the court and on the record, intended to hasten the matter to judgment. Chervon Oil v. Traigle, 436 So.2d 530 (La.1983). The filing of discovery pleadings have been held to constitute a "step" in the prosecution or defense of an action. Chevron Oil, supra; Robertson v. Sightler, 304 So.2d 875 (La.App. 2nd Cir.1974). The dissent in DeClouet v. Kansas City Southern Railway Company, 176 So.2d 471 (La.App. 3rd Cir.1965), writ refused 248 La. 383, 178 So.2d 662 (1965) noted that had the plaintiff filed the deposition notices into the record, then the filing would have constituted a "step" for purposes of C.C.P. article 561.
In the present case, there was attempt by the plaintiff to file discovery pleadings within the five year prescriptive period. The pleadings would have been made a part of the record had the Clerk accepted the pleadings, and a "step" would have been taken towards the prosecution of the case. It has been recognized that C.C.P. article 561 was not intended "to dismiss those cases in which a plaintiff has clearly demonstrated to the court during the prescribed period that he does not intend to abandon the action." Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1977) writ denied 341 So.2d 420 (La. 1977). We find that the plaintiff clearly demonstrated his intent not to abandon the suit by the attempted filing of the request for production of documents. Further, we adopt the principle enunciated by the 5th Circuit Court of Appeals in Acosta v. Hepplewhite Home, Inc., that,
Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered. 450 So.2d 770, 772 (La.App. 5th Cir.1984).
In Acosta, the court held that plaintiff's attempted filing of a motion to proceed in pauperis was sufficient to interrupt the running of the prescriptive period under Article 561. In conclusion, the court stated that,
the depositing of the motion in question with the clerk or one of the deputy clerks and its return to sender is conclusive of filing whenever sufficient extrinsic evidence can be introduced to establish that the clerk's office did receive the subject pleading. Acosta, 450 So.2d at 772.
In the case at bar, the clerk's office did receive the request for production of documents, but returned it to plaintiff's attorney. Ms. Treadway's affidavit presents sufficient evidence of this occurrence.
The affidavit, itself, is not competent evidence standing alone. However, when viewed with the records of the civil sheriff which reflects that payment for service and citation of the petition was made on February 8, 1985, there is sufficient evidence to prove that a step in the prosecution has taken place. Any action taken by the sheriff, as an officer of the court, is judicially cognizable by this court. Thus, the evidence presented by the plaintiff shows that there was intent to continue the prosecution of this litigation.
We conclude that plaintiff's attempted filing of the request for production of documents constitutes a "step" in the prosecution of the case, and thus, interrupted the *622 running of the prescriptive period under C.C.P. 561.
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.