Judgment rendered May 24, 2023
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,073-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MR & MRS LARRY E. CLARK                    Plaintiffs-Appellants
AND L & M HAIR CARE
PRODUCTS, INC

versus

MANGHAM, HARDY, ROLFS AND                  Defendants
ABADIE, ROBERT L. LEDOUX
AND ABC INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 362,381

Honorable Ramon Lafitte, Judge

* * * * *

LARRY E. CLARK                             In Proper Person,
                                           Appellant

LISKOW & LEWIS APLC                        Counsel for Appellee,
By: James Alcee Brown                      Attorneys' Liability
    Sheri L. Corales                       Assurance Society, Ltd.

IRWIN FRITCHIE URQUHART ET AL              Counsel for Appellee,
By: Gustave Alexander Fritchie, III        Anna E. Dow

ANDREW G. BARRY                            Counsel for Appellee,
                                           State of Louisiana, DOTD

* * * * *

Before ROBINSON, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

The plaintiff, Larry Clark ("Clark"), appeals a judgment dismissing his action without prejudice as abandoned. The trial court granted the motion to dismiss filed by the defendant, Attorneys' Liability Assurance Society, Ltd. ("ALAS"), and denied Clark's motion to set aside the dismissal. Clark contends the trial court erred in finding this matter was abandoned for failure to take any step in the prosecution or defense of the action for three years. For the following reasons, we affirm.

## FACTS

This appeal arises from litigation related to the expropriation of Clark's land by the Louisiana Department of Transportation and Development ("DOTD") in 1987. In the course of appealing the expropriation order, the plaintiffs, Clark, his wife ("Mrs. Clark"), and his company, L&M Hair Care Products, Inc., filed an original petition in 1990 against the defendants, ALAS, their former attorney, Robert Ledoux, and his law firm, Mangham, Hardy, Rolfs and Abadie, alleging damages for legal malpractice. In an order of April 1996, the district court allowed plaintiffs' counsel of record to withdraw and permitted Clark to proceed in proper person for plaintiffs. In 1997, Clark filed a third amended petition against defendants, alleging federal law claims in addition to the state law claims.

The defendants then removed the action to the U.S. District Court for the Western District of Louisiana. In November 1998, the federal court rendered judgment dismissing all federal claims of plaintiffs, dismissing all state law claims of Mrs. Clark, and remanding the remaining state law claims of Clark to the district court in Caddo Parish.

The record shows a step in the prosecution of this action occurred on March 8, 2001, when Clark served defendants with discovery. Defendants responded to the discovery request on March 28, 2001. Thereafter, actions taken in the case include Clark's filing of a change of address notice in March 2002 and his filing of a duplicate copy of his prior request for production into the record in February 2003. Defendants were never served with this duplicate discovery filing. The next action by any party occurred in February 2006, when Clark filed interrogatories into the record of this case. Clark refiled this discovery request periodically in subsequent years through January 2021.

On July 28, 2021, Clark filed an amended "nullity petition" seeking to declare several prior judgments null and void. In response, ALAS filed an ex parte motion to dismiss the lawsuit as abandoned effective on March 29, 2004, three years after the date on which defendants had responded to Clark's discovery request in March 2001. The district court granted the motion and dismissed the action without prejudice as abandoned effective March 29, 2004. After a hearing, Clark's motion to set aside the dismissal and motion for new trial were denied. This appeal followed.

### DISCUSSION

Initially, plaintiff asserts this appeal should be converted to a writ application, arguing this court lacks subject matter jurisdiction over the appeal because the trial court's order of dismissal without prejudice was an interlocutory order. Plaintiff's argument lacks merit.

A final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083. The abandonment statute expressly provides for an appeal of an order of dismissal. La. C.C.P. art. 561(A)(5).

This court has previously found the dismissal of a case as abandoned is a final, appealable judgment. *Yates v. Bailey*, 34,274 (La. App. 2 Cir. 12/6/00), 774 So. 2d 1103. Thus, contrary to plaintiff's argument, this court has jurisdiction to hear this appeal.

Plaintiff argues La. C.C.P. art. 561 is unconstitutional because the statute deprives him of his rights under federal law. Plaintiff contends the district court erred in failing to notify the Louisiana Attorney General of the constitutionality issue.

The constitutionality of a statute must first be questioned in the trial court, not the appellate court, and the issue must be specifically pleaded to be considered by the court. The attorney general is not an indispensable party when the constitutionality of a statute is questioned. In proceedings other than declaratory judgment actions, the attorney general should be served with a copy of the pleading which contests the constitutionality of a statute. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So. 2d 859.

In this case, the Louisiana Attorney General is not an indispensable party and was notified of plaintiff's motion to set aside the dismissal order. Thus, contrary to plaintiff's assertion, the trial court did not lack jurisdiction to make a ruling on his motion to set aside the dismissal, in which he alleged Article 561 is unconstitutional. However, despite his allegation, plaintiff did not argue the constitutionality issue at the hearing on his motion to set aside the dismissal or at the hearing on his new trial motion. Nor has plaintiff shown how the evidence which he proffered at the hearings supports his claim the statute is unconstitutional. Thus, since plaintiff did not first

present his constitutional challenge in the district court, the issue is not properly before this court for consideration on appeal.

Nevertheless, even if we were to consider the issue, the authority cited by plaintiff does not show the statute is unconstitutional. To the contrary, we note Article 561 has been determined to be constitutional. *See Brown v. Edwards*, 435 So. 2d 1073 (La. App. 1 Cir.), *writ denied*, 441 So. 2d 751 (La. 1983). Based upon the record and the applicable law, plaintiff's argument lacks merit.

The plaintiff contends the trial court erred in granting the motion to dismiss the action without prejudice as abandoned. Plaintiff argues his filing of a copy of his previous discovery request in February 2003, should be considered a sufficient step in the prosecution of the case to show the action was not abandoned.

An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561. Abandonment shall be operative without formal order, but on ex parte motion by any party by affidavit which provides no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561(A)(3). Any formal discovery served on all parties whether or not filed of record, including the taking of a deposition, shall be deemed a step in the prosecution or defense of an action. La. C.C.P. art. 561(B). As a consequence, discovery which is not served on all parties does not constitute a step in the prosecution of the action sufficient to interrupt the abandonment period. *Sullivan v. Cabral*, 32,454 (La. App. 2 Cir. 10/27/99), 745 So. 2d 791, *writ denied*, 99-3324 (La. 1/28/00), 753 So. 2d 837.

4

A party takes a step in the prosecution or defense of a lawsuit only when he takes formal action on the record intended to hasten the matter toward judgment. *Reed v. Peoples State Bank of Many*, 36,531 (La. App. 2 Cir. 3/5/03), 839 So. 2d 955. Abandonment serves to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively-designated period of litigation inactivity establishes the intent to abandon such claims. *Williams v. Montgomery*, 20-01120 (La. 5/13/21), 320 So. 3d 1036. Once abandonment has occurred, subsequent action by the plaintiff cannot revive the lawsuit. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So. 2d 779.

In this case, the last effective step in the prosecution of the action occurred on March 8, 2001, when plaintiff served defense counsel with written discovery requests. Defendants responded to the discovery requests on March 28, 2001, which was the last effective step in the defense of the case. Plaintiff's change of address notice filed on March 14, 2002, was not a step toward prosecution of the action and did not interrupt abandonment. *See Murray v. Brown*, 12-2149 (La. 12/14/12), 102 So. 3d 777.

The next act occurred in February 2003, when Clark filed a duplicate copy of his prior discovery request. Plaintiff states he was prevented from filing a motion to compel at the time by the district court clerk. Plaintiff asserts this attempt to file the motion shows the action was not abandoned, citing *Gibson v. Valentine Sugars, Inc.*, 485 So. 2d 620 (La. App. 4 Cir.), *writ denied*, 489 So. 2d 920 (La. 1986), and *Ellzey v. Employers Mutual Liability Ins. Co.*, 388 So. 2d 843 (La. App. 2 Cir.), *writ denied*, 394 So. 2d 617 (La. 1980).

However, we note the situation in those cases can be distinguished from the present case. In *Gibson, supra*, unlike the present situation, the plaintiff's attorney sent the discovery by certified mail to defendant after being prevented from filing the documents by the court clerk. The *Ellzey* case did not involve a discovery issue and the Article 561 provisions in effect at the time differed from the statutory language applicable in this situation regarding the use of discovery as a step in the prosecution of the case.

The record indicates plaintiff was unable to file the motion to compel in 2003 because he did not have the certification stating a discovery conference had been held with defendant as required by local court rule. Even after being informed of this, he failed to take follow-up action to be able to file the motion. Plaintiff never tried to schedule the discovery conference which was required by local court rule before a motion to compel could be filed and he did not serve defendants with such a motion.

As plaintiff concedes, the 2003 discovery request which he filed was not served on the defendants. Discovery which is not served on all parties does not constitute a step in the prosecution of the action sufficient to interrupt the abandonment period. Thus, Clark's 2003 filing did not constitute a step in the prosecution of the action. There is no showing any other pleadings were filed or served to interrupt abandonment during the applicable period. Consequently, the action was abandoned effective March 29, 2004, three years after defendants' response to Clark's March 2001 discovery request.

Once abandonment has occurred, subsequent action by the plaintiff cannot revive the lawsuit. Because abandonment is self-executing,

plaintiff's post-abandonment actions, such as his discovery filings in 2006 and later years and his 2021 nullity petition, were without legal effect. Such activity could not revive his abandoned action.

After reviewing the record and the applicable law, we cannot say the trial court erred in denying the plaintiff's motion to set aside the order dismissing the action without prejudice as abandoned. Consequently, the assignment of error lacks merit.

Plaintiff contends District Court Judge Lafitte erred in denying a motion to recuse himself from presiding in all cases in which plaintiff is a party. Plaintiff argues the judge is biased against him based on the judge's statements during prior proceedings, the judge's rulings at the hearing on the motion to set aside the dismissal, and because the judge is named as a defendant in plaintiff's federal lawsuit.

A party seeking to recuse a judge of a district court shall file a written motion assigning the ground for recusal no later than 30 days after discovery of the facts on which the motion is based. La. C.C.P. art. 154(A). If the motion to recuse is not timely filed, then the judge may deny the motion without appointment of an ad hoc judge or a hearing. La. C.C.P. art. 154(C).

The record shows in March 2021, plaintiff filed the federal lawsuit naming Judge Lafitte as a party defendant. Plaintiff did not file his motion to recuse until April 8, 2022, more than one year after the federal suit was filed. Plaintiff's primary grounds for recusal include his federal suit naming Judge Lafitte as a defendant and the judge's statements during hearings in 2018. As a result, the recusal motion should have been filed within 30 days of the date of the prior hearings or the filing of the federal lawsuit, since plaintiff was aware of any facts supporting recusal at those times. However,

7

plaintiff did not file his motion until more than one year after the dates of the hearings and the filing of the lawsuit. Thus, plaintiff's motion to recuse was not timely filed. Consequently, Judge Lafitte did not err in denying the motion without the appointment of an ad hoc judge. This assignment of error lacks merit.

Plaintiff contends the trial court erred in denying his motion for new trial and in not issuing a writ of mandamus to the secretary of DOTD. Regarding this assignment, we note DOTD is not a party to the action before this court on appeal, which involves the dismissal of plaintiff's action as abandoned. In addition, the current matter does not involve any issues related to expropriation. Consequently, we shall not address the issues of mandamus or expropriation raised by plaintiff in this assignment.

Plaintiff also asserts the trial court erred in denying a new trial. Having reached the conclusion the trial court's dismissal of plaintiff's action as abandoned is consistent with the applicable law, we find no basis for a new trial. Thus, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Larry E. Clark, in accordance with La. C.C.P. art. 5188.

**AFFIRMED.**

8